**JAMES CALLWOOD, Plaintiff**

**v.**

**MANUEL ZURITA, LIBERTAD VELASQUEZ, RUBEN PORTELA, AND GOVERNMENT OF THE VIRGIN ISLANDS, Defendants**

Civil No. 88-0034

District Court of the Virgin Islands

Div. of St. Croix

November 8, 1994

MOORE, *Chief Judge*

### MEMORANDUM

This matter came before the Court on October 26, 1994 for a hearing on sanctions against defendants for their flagrant disregard of this Court's orders and plaintiff's numerous discovery requests. Over the course of six years, the Office of the Attorney General of the Government of the Virgin Islands ("Attorney General") has represented all defendants in this case and has ignored the pronouncements of this Court and the principles of fair play embodied in the Federal Rules of Civil Procedure. Accordingly, the Court will sanction the Government of the Virgin Islands

157

("Government") and defendants Manuel Zurita ("Zurita"), Libertad Velasquez ("Velasquez") and Ruben Portela ("Portela"), as described below, for their conduct in this matter.

## FACTUAL AND PROCEDURAL BACKGROUND

In February 1988, James Callwood, acting *pro se*, brought this civil rights action seeking damages for injuries allegedly suffered after he escaped with two other inmates from the Anna's Hope Detention Center in St. Croix. Plaintiff claims that Zurita,[1] a V.I. police officer, shot him without provocation as he slept, unarmed, in an abandoned apartment. Thereafter, according to plaintiff, Zurita, Velasquez, and Portela, all police officers, repeatedly stomped and kicked him when he denied knowing the whereabouts of his fellow escapees. On March 29, 1988, the Attorney General, acting on behalf of all defendants,[2] answered by denying plaintiff's allegations of wrongdoing.

That same day, the Attorney General also filed a motion to dismiss plaintiff's complaint on the ground that it was barred by the applicable statute of limitations and because plaintiff failed to comply with the procedures for late filing under the Virgin Islands Tort Claims Act, V.I. Code Ann. tit. 33, §§ 3401-3416 (Supp. 1994) ("VITCA"). Although the Court first granted the defendants' motion,[3] it later reinstated plaintiff's entire complaint after finding that plaintiff's imprisonment tolled the applicable statute of limitations. In the six and one-half years that have elapsed, the defendants have not challenged this ruling, nor has the Attorney General renewed its challenge to plaintiff's VITCA claim.

At the heart of this case, however, are the interrogatories propounded on Zurita by plaintiff on October 19, 1988. Astonishingly, the Attorney General, which represents Zurita, has never answered these interrogatories despite several orders by this Court. Plaintiff filed his first motion to compel on January 6, 1989;

---

[1] The individual defendants were sued in their individual and official capacities.

[2] Although the record indicates that plaintiff's service of defendant Ruben Portela was defective, pursuant to Rule 12(h) of the Federal Rules of Civil Procedure, Portela has waived this defense, since the Attorney General, appearing on his behalf, failed to raise the issue in its answer or motion to dismiss.

[3] Order of Dismissal of April 11, 1988.

the Court granted this motion on March 15, 1989 and ordered the Attorney General to respond within 15 days. The Attorney General ignored this order. Plaintiff filed a second motion to compel on June 5, 1989, which the Court granted nine days later, again, ordering the Attorney General to answer within 15 days. As before, the Attorney General did nothing. Finally, on August 17, 1989, Zurita, through the Attorney General, moved for a protective order on the ground that plaintiff's thirty-two interrogatories violated Rule 22 of the Local Rules, which limited interrogatories to twenty-five.

By order dated September 10, 1989, the Court granted this motion and directed plaintiff to resubmit interrogatories that comply with Local Rule 22. Plaintiff resubmitted his interrogatories on October 25, 1989, and no answer was filed within the allotted time. Thus, plaintiff filed a third motion to compel on February 15, 1990.

Although much of plaintiff's efforts were directed at eliciting a response to his interrogatories, plaintiff filed other discovery requests and other motions in the interim. He filed a request for production of documents[4] against all defendants on March 10, 1989; the defendants never answered. Plaintiff also filed a request for admission against Zurita on August 8, 1989; to date, five years later, neither Zurita nor the Attorney General has replied. In the intervening years, plaintiff has filed two motions for default judgment; two motions for judgement on the pleadings; and a second request for document production, none of which have ever been answered or opposed by the defendants.

Citing the defendants' "generally scandalous failure to respond" to plaintiff's discovery submissions, on September 26, 1990, the Court ordered defendants — collectively — to answer plaintiff's outstanding discovery requests within forty days or file a motion for summary judgment, if warranted.[5] Despite this generous grant of judicial grace, defendants did nothing. In April 1991, plaintiff filed a motion to enforce the Court's Order of September 26, 1990.

---

[4] Although plaintiff's request was styled "Freedom of Information" the Court will treat it as a request for production of documents, since the document references Rule 34 of the Federal Rules of Civil Procedure.

[5] Order of September 26, 1990.

In June 1991, almost two years after its last pleading, the Attorney General, acting on behalf of all defendants, filed a response to plaintiff's motion to enforce, alleging for the first time that defendants had never received plaintiff's resubmitted interrogatories. Another two years passed until plaintiff's petition for writ of mandamus revived this case in January of this year. On September 29, 1994, the Court ordered the Attorney General to respond to plaintiff's interrogatories within 10 days. In keeping with its conduct throughout this case, no responses were forthcoming from the Attorney General.

In sum, despite four separate orders by this Court and numerous motions by plaintiff, plaintiff's six-year old interrogatories remain unanswered. Moreover, the government has never replied to plaintiff's various requests for document production and for admission, motions for judgment on the pleadings or motions for default.

## DISCUSSION

■ Rule 37(b) of the Federal Rules of Civil Procedure grants federal courts broad discretion in imposing sanctions for failure to comply with discovery requests. See National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 49 L. Ed. 2d 747, 96 S. Ct. 2778 (1976) (per curiam). Rule 37(b)(2) sanctions include:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

Fed. R. Civ. Pro. 37(b)(2).

■ In National Hockey League the Supreme Court upheld the district court's dismissal of plaintiff's complaint for plaintiff's bad

160

faith refusal to respond to defendant's interrogatories. National Hockey League, 427 U.S. at 643. In our view, defendants' conduct in this case has been just as flagrant as that of the plaintiff's in National Hockey League; however, we refrain from entering a default against defendants[6] at this time only because of our strong preference for a resolution of matters on the merits.[7]

### 1. Sanctions Against the Government

Nevertheless, the Court will impose sanctions against the Government as follows. Pursuant to Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure, the facts in plaintiff's complaint are deemed established against the Government. Thus, for purposes of this action, it is established that the individual defendants acted within the scope of their employment when they engaged in the acts alleged in the complaint. Also, pursuant to Rule 36 of the Federal Rules of Civil Procedure, the matters in plaintiff's request for admissions are deemed admitted against the Government.

Pursuant to Rule 37(b)(2)(B), the government shall not be allowed to interpose any defense against the factual allegations in plaintiff's complaint. Similarly, the Government shall not be allowed to present evidence or arguments refuting, rebutting, or contradicting any matter deemed admitted in plaintiff's request for admissions. Further, plaintiff's complaint shall be deemed timely under VITCA.

In addition, the Government shall not be allowed to amend its answer to raise any defense or to assert any claim against plaintiff; the Court finds that plaintiff would be prejudiced if the

---

[6]While the Third Circuit's decision in Durant v. Husband, 28 F.3d 12, 15 (3d Cir. 1994), precludes a default judgment against the Government pursuant to Rule 55 of the Federal Rules of Civil Procedure, it does not foreclose entering default against the Government as a sanction under Rule 37. *Id.* at 16.

[7]Because we do not enter default against defendants, we do not believe that Poulis balancing is required. See Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (establishing six factors to be weighed before imposing dismissal or default as a sanction). Also, because the sanctions the Court imposes do not conclusively establish the government's liability, application of the Poulis factors is unwarranted. Cf. Ali v. Sims, 788 F.2d 954, 957 (3d Cir. 1986) (stating that Poulis balancing required when sanctions result in the establishment of a party's liability). Even if they were, we would have little difficulty finding that the sanctions we impose today are warranted in this case.

161

Government were allowed to do so. Since the Government has failed to file any dispositive motions within the time permitted by the Court's Order of September 26, 1990, the government shall not be allowed to file any further dispositive motions.

## 2. Sanctions Against Defendant Zurita

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, plaintiff's request for admissions shall be deemed admitted against Zurita. Defendant Zurita shall not be allowed to assert any defense or present any evidence or arguments refuting, rebutting, or otherwise contradicting these admissions. As an additional sanction, pursuant to Rule 37(b)(2)(A), the facts of plaintiff's complaint are deemed admitted against Zurita.

## 3. Sanctions Against Defendants Velasquez and Portela

While most of plaintiff's discovery requests were directed to Zurita, plaintiff's motion to compel was directed to all defendants. Moreover, the Court's Order of September 26, 1990 directed defendants, as a group, to answer plaintiff's outstanding discovery requests. The Court will therefore sanction defendants Velasquez and Portela for their failure to comply with the Court's order. Pursuant to Rule 37(b)(2)(A), it is established that defendants Velasquez and Portela conspired with Zurita to commit the acts described in plaintiff's complaint. Defendants Velasquez, Portela, and Zurita are precluded from asserting any defense or presenting any evidence or argument denying the existence of a conspiracy. Furthermore, the matters deemed admitted against defendant Zurita shall be binding on defendants Velasquez and Portela, to the extent that they are implicated by these admissions.

## 4. Outstanding Discovery Requests

Defendant Zurita shall answer all of plaintiff's original interrogatories, propounded on October 19, 1988, no later than November 15, 1994. Plaintiff shall resubmit to defendants his request for production of documents and shall provide a copy of this request to the Court. The defendants shall have 30 days from the date of the receipt of service to produce the identified documents. This case shall be set for trial during the January 30, 1995 trial period.

162

## CONCLUSION

The record in this case provides ample evidence of the Court's extraordinary patience with the defendants, despite their cavalier approach to this action. Indeed, the Court is hard pressed to imagine conduct more objectionable and more egregious than that exhibited by defendants in this case. The Court will not continue to endure this brazen indifference to the discovery process in general and the claims of the plaintiff in particular. Rule 37 provides this Court with an effective tool to arouse the indolent and chasten the insolent; when parties persist in dilatory and impudent conduct, the Court shall be obliged to use it. A separate order follows.

## ORDER

Upon consideration of the premises, the Court being duly advised, and for the reasons set forth in the Court's Memorandum of even date, it is hereby

ORDERED that the following sanctions shall be imposed against the Government of the Virgin Islands ("Government"):

1. Pursuant to Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure, the facts of plaintiffs complaint are deemed established against the Government. Among other things, therefore, it is established that defendants Manuel Zurita ("Zurita"), Libertad Velasquez ("Velasquez"), and Ruben Portela ("Portela") at all times acted within the scope of their employment during the acts described in plaintiff's complaint;

2. Pursuant to Rule 37(b)(2)(B) the Government shall be precluded from introducing, asserting, or supporting any evidence, argument, or defense which rebuts, refutes, or otherwise contradicts any fact in plaintiff's complaint;

3. Pursuant to Rule 36 of the Federal Rules of Civil Procedure, plaintiff's request for admissions is deemed admitted against the Government. Defendant Government of the Virgin Islands is precluded from introducing, asserting, or supporting any evidence, argument, or defense which rebuts, refutes, or otherwise contradicts any matter deemed admitted in plaintiff's request for admissions.

163

4. Defendant Government of the Virgin Islands shall not be allowed to amend its complaint to assert any new defenses or claims against plaintiff;

5. Defendant Government of the Virgin Islands is precluded from filing any motion or pleading seeking to dismiss, foreclose, or otherwise bar any claim or relief sought by plaintiff's complaint;

6. Plaintiff's complaint is deemed timely filed pursuant to the V.I. Tort Claims Act, V.I. Code Ann. tit. 33, §§ 3401-3416 (Supp. 1994); and it is further

ORDERED that the following sanctions shall be imposed against Zurita:

1. Pursuant to Rule 36 of the Federal Rules of Civil Procedure plaintiff's request for admissions shall be deemed admitted. Defendant Zurita is precluded from introducing, asserting, or supporting any evidence, argument, or defense which rebuts, refutes, or otherwise contradicts any matter deemed admitted in plaintiff's request for admissions;

2. Pursuant to Rule 37(b)(2)(A), the facts in plaintiff's complaint are deemed established. Pursuant to Rule 37(b)(2)(B) Zurita shall be precluded from introducing, asserting, or supporting any evidence, argument, or defense which rebuts, refutes, or otherwise contradicts any fact in plaintiff's complaint; and it is further

ORDERED that pursuant to Rule 37(b)(2)(A), it is established that defendants Zurita, Velasquez, and Portela conspired to commit the acts described in plaintiff's complaint. The defendants are precluded from introducing, asserting, or supporting any evidence, argument, or defense which rebuts, refutes, or otherwise contradicts the presence of a conspiracy; and it is further

ORDERED that defendants Velasquez and Portela shall be bound by the matters deemed admitted against defendant Zurita, to the extent that they are implicated by these admissions. The defendants are precluded from introducing, asserting, or supporting any evidence, argument, or defense which rebuts, refutes, or otherwise contradicts these admissions.

ORDERED that no later than November 15, 1994, defendant Zurita shall file with this Court answers to plaintiffs interrogatories which were propounded on October 19, 1988; and it is further

ORDERED that plaintiff shall resubmit his requests for production of documents ("requests") to defendants, and defendants shall

file a response to these requests with this Court within 30 days of the date of service of the requests; and it is further

ORDERED that plaintiff shall inform the Court in writing whether he desires legal representation and whether he has sought counsel in this matter; and it is further

ORDERED that this matter shall be set for trial during the January 30, 1995 trial period.